Curia.

The motion for a new trial is grounded on the admission of Mr. Lithgou, the sheriff, as a witness to prove that the debtor in execution was discharged from prison by the paroi direction of the creditor, the plaintiff supposing that he, being sheriff, and keeper of the jail, was an incompetent witness.
That a creditor may by paroi authorize the jailer to discharge his debtor is not denied. For this point 3 Dyer, 275, a, is an express ■authority. But it is said that the sheriff is not a competent witness to prove this discharge in this action. We know of no rule or principle of law by which the sheriff, because * of [ * 521 ] his office, is made an incompetent witness in this case.
As this verdict cannot be given in evidence in an action against him for the escape of this debtor, who was committed in execution, he must pay the debt to the plaintiff, unless he can produce evidence that he discharged him by the creditor’s authority. From this action he would be protected, if the plaintiff had recovered. We therefore are of opinion that the judge did right in admitting the sheriff as a competent witness; and judgment must be entered for the defendants agreeably to the verdict.